```
                              FILED          ENTERED
                              LODGED         RECEIVED

                              JUN 13 2022    JC

                                 AT SEATTLE
                         CLERK U.S. DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
                      BY                        DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CHANEY,<br><br>    Plaintiff,<br><br>vs.<br><br>PARS GROUP, LLC; JOHN DOE; NATHAN WALLACE; CITY OF EVERETT,<br><br>    Defendants. | No. 22-CV-00833 RSL<br><br>COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW |

COMES NOW, the above-named Plaintiff, MICHAEL CHANEY, and by way of claims allege upon personal knowledge as to himself and his own actions and upon information and belief upon all other matters.

## I. PARTIES

1. Plaintiff, MICHAEL CHANEY, is an individual and is a resident of Washington State.

2. Defendant, PARS GROUP, LLC is the operator of the Jack in the Box Store located at 11830 Evergreen Way, Everett, WA which is where the incident occurred.

COMPLAINT FOR DAMAGES UNDER
42 U.S.C. § 1983 AND WASHINGTON
LAW

PAGE 1 | No.

3. Defendant, 'JOHN DOE' is an employee of Defendant, PARS GROUP, LLC, and is a resident of Snohomish County.

4. Defendant, NATHAN WALLACE, was, at all times relevant herein, employed as a member of the City of Everett Police Department and was working under color of state law and within the course and scope of his employment at all times described herein.

5. Defendant, CITY OF EVERETT, is a municipality within the State of Washington and employed NATHAN WALLACE as a police officer who responded to Jack in the Box. The civil rights violations delineated herein were proximately caused by Everett's customs, policies and usages and the decisions of its policy makers.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

## III.   STATUTORY COMPLIANCE

8. On or about April 11, 2022, the tort claim was served upon defendant, CITY OF EVERETT.

9. Any prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly, been satisfied.

IV. STATEEMENT OF FACTS

10. On April 11, 2019, Plaintiff, MICHAEL CHANEY, entered the Jack in the Box store located at 11820 Evergreen Way, Everett, WA hereinafter "THE STORE."

11. MICHAEL CHANEY purchased a #7 meal off of the menu which included a softdrink.

12. Mr. Chaney sat down in the THE STORE and began to eat his meal after getting a softdrink from the soda fountain.

13. Unbeknownst to Mr. Chaney, an employee, "JOHN DOE" from THE STORE, decided to report to the Everett Police Department that Mr. Chaney needed to be removed from the store.

14. No one from THE STORE ever asked Mr. Chaney to leave the store.

15. A short time later as Mr. Chaney was peacefully eating his meal at THE STORE, Officer NATHAN WALLACE from the Everett Police Department arrived.

16. As a result of receiving direction from employee, JOHN DOE, at THE STORE, Officer Wallace unlawfully attempted to remove Mr. Chaney from THE STORE.

17. Officer Wallace threw some of Mr. Chaney's property on the floor and when Mr. Chaney went to retrieve his property, he was assaulted by Officer Wallace.

18. In the process of unlawfully attempting to remove Mr. Chaney from THE STORE, Officer Wallace injured Mr. Chaney.

19. Officer Wallace then unlawfully arrested Mr. Chaney and Mr. Chaney was then unlawfully incarcerated for several months awaiting trial on a charge of Assault in the Third Degree.

20. Mr. Chaney was acquitted of the charge of Assault in the Third Degree in Snohomish County Superior Court Case 19-1-00922-31 despite Officer Nathan Wallace's claim that he had been struck by Mr. Chaney.

21. One of the main reasons for Mr. Chaney's acquittal was that surveillance video from THE STORE did not corroborate Officer Wallace's account of the incident.

22. Mr. Chaney suffered personal injuries because of the force used upon him by Officer Wallace and because of the unlawful incarceration in the Snohomish County Jail.

23. Mr. Chaney was a business invitee to THE STORE.

## V.   CLAIMS

### FIRST CAUSE OF ACTION - 42 U.S.C. § 1983

24. By virtue of the facts set forth above, the defendants, NATHAN WALLACE; CITY OF EVERETT, are liable for compensatory and punitive damages for subjecting, or causing to be subjected, MICHAEL CHANEY, a citizen of the United States, to a deprivation of the right guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable searches and seizures. They did this by, among other things, throwing Chaney's property without a warrant or legal cause, arresting him without legal cause and incarcerating him without legal cause.

25. By virtue of the facts set forth above, the defendants, NATHAN WALLACE; CITY OF EVERETT, are liable for compensatory and punitive damages for subjecting, or causing to be subjected, MICHAEL CHANEY, a citizen of the United States, to a deprivation of the right guaranteed by the Fourth Amendment to the Constitution of the United States

and 42 U.S.C. § 1983, to be free from unreasonable seizures of his person and to be free from assault. They did this by performing the seizure in an unreasonable, dangerous, and violent manner, and by assaulting and arresting MICHAEL CHANEY without legal cause or justification. Defendants are liable pursuant to law or depriving MICHAEL CHANEY of his liberty and property and for punitive damages, compensatory damages and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION – (State Law Claim)

26. By virtue of the facts set forth above, the CITY OF EVERETT is liable for compensatory damages for the tort of outrage.

### THIRD CAUSE OF ACTION – (State Law Claim)

27. By virtue of the facts set forth above, the CITY OF EVERETT is liable for compensatory damages for negligence causing injury to MICHAEL CHANEY.

28. Defendants, PARS GROUP, LLC, and JOHN DOE, did not exercise ordinary or reasonable care and were negligent in failing to take reasonable measures to protect their customers.

29. Plaintiff, MICHAEL CHANEY, was a business invitee to which Defendant, PARS GROUP LLC, owed duties of reasonable care to keep THE STORE reasonably free of dangerous activities by third persons that posed a risk of harm. Defendant violated those duties and are jointly and severally liable for Plaintiff, MICHAEL CHANEY's damages.

30. The injuries to MICHAEL CHANEY were reasonably foreseeable upon calling police to evict a person from a store who was doing nothing wrong.

COMPLAINT FOR DAMAGES UNDER
42 U.S.C. § 1983 AND WASHINGTON
LAW

PAGE 5 | No.

31. Instead of warning MICHAEL CHANEY to vacate the premises, Defendant, PARS GROUP, LLC and JOHN DOE did nothing but tell the police that MICHAEL CHANEY needed to leave.

## RESPONDEAT SUPERIOR

32. All acts or omissions on behalf of JOHN DOE were undertaken for the benefit of his or her employers, PARS GROUP, LLC. Further Defendant, PARS GROUP, LLC, authorized the conduct of Defendant JOHN DOE through their lack of proper training, staffing and management decisions and as such are vicariously liable for all actions of Defendant JOHN DOE while he was acting within the scope of his or her employment as he or she was on April 11, 2019.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL CHANEY, requests relief as follows:

33. Compensatory Damages;

34. Punitive damages from the individual Defendant on Plaintiff's claims under 42 U.S.C. § 1983;

35. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law; and

36. Such other relief as may be just and equitable.

COMPLAINT FOR DAMAGES UNDER
42 U.S.C. § 1983 AND WASHINGTON
LAW

Dated this ___ day of June 2022.   June 13 2022

_____
MICHAEL CHANEY, PRO SE

COMPLAINT FOR DAMAGES UNDER
42 U.S.C. § 1983 AND WASHINGTON
LAW

PAGE 7 | No.